# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

**UNITED STATES OF AMERICA**
    **Plaintiff**
        V.                    **CRIMINAL NO 14-225 (FAB)**

**DIEGO FERNANDEZ-SANTOS**

    **Defendant**

## MOTION TO WITHDRAW GUILTY PLEA

**TO THE HONORABLE COURT:**

    **COMES NOW DEFENDANT** DIEGO FERNANDEZ-SANTOS represented by counsel and very respectfully alleges and prays as follow:

    1. Federal Rule Criminal Procedure 11(d)(2)(B) provides in its pertinent part that a defendant may withdraw his guilty plea after the court accepted the plea but before it imposes sentence if " the defendant can show a fair and just reason for requesting the withdrawal".

    For the court to gauge whether the request meets the "fair and just" standard "a court must look at the overall situation, most prominently (1) the plausibility of the reasons prompting the requested change of plea's motion; (2) the timing of the defendant's motion; (3) the existence or nonexistence of an assertion of innocence; and (4) whether when viewed in light of emergent circumstances the defendant's plea appropriately may be characterized as involuntary, in derogation of the requirements

imposed by Fed. R. Crim. P.11 or otherwise legally suspect.  See Doyle, 981 F.2d at 594; Pellerito, 878 F. 2d at 1537.  There is a final barrier that must be surmounted; even if the defendant appears at first blush to meet the strictures of the four-part test, the nisi prius court still must evaluate the proposed withdrawal in relation to any demonstrable prejudice that will accrue to the government if the defendant is permitted to alter his stance. See Doyle, 981 F.2d at 594; Pellerito, 878 F. 2d at 1537.  U.S. v. Parilla, 22 F.3d 368, 371 (1st Cir. 1994) see also U.S. v. Ribas Dominicci 50 F.3d 76 (1st Cir, 1995) (Withdrawal of guilty plea appropriate where the defendant did not act with criminal intent) (see also US V Varela-Rivera No. 12-2039, decided January 15, 2014 a not for publication in West's Federal Reporter case).

2.  As stated by the defendant under penalty of perjury (attached hereto as Exh.1) who is willing to be examined under oath by the court and the government as well as from the evidence produced by the United States and the exam by the US Probation office of the District of Puerto Rico, the withdrawal of the guilty plea as to count two establishes the legal justification of said withdrawal:

  a. The exam by The U.S. Department of Justice, Drug Enforcement Administration, and Southeast Laboratory at Miami, FL on their report dated 4/17/2014, established that there were no controlled substances in any of the exhibits submitted by the San Juan ICE office in the present case. (Exh. 2)

  b. An exam latter on performed (5/28/14) at the Department of Homeland Security in La Puntilla Offices reflected conveniently "traces" of a "residue", from the evidence gathered, with a result positive for cocaine. (The same evidence tested by the Southeast

      Laboratory on Miami, Fl. Little over a month before that resulted in the negative to the same substance.)

  c. PSI report that includes the above stated information. (Exh. 3)

  d. Absence of an investigation or request by counsel to have the seized items tested for the 'alleged" substance. (Exh.1)

  e. Failure to secure the testimony of the registered owner of the firearm seized in the house where the defendant was residing with his mother, niece, nephew and a baby. These persons were residing at the home as testified to by the US Probation officer that conducted the arrest of the defendant for an alleged violation to his probation terms. (Exh. 1)

  f. Failure by counsel to rebuke the non-passage of the 72 hours reporting condition set by the release order in the prior case. The defendant, Mr. Fernandez has as a condition of his release 72 hours to report to the probation officer any problems encountered with any local, federal or municipal authority. (Exh. 1)

  g. Failure by counsel to request a copy of the fingerprint analysis of the weapon seized or in the alternative to request the weapon be submitted to a fingerprint analysis. (Exh.1)

  h. Failure by counsel to request either the finger print analysis results or to request said testing as suggested by the defendant. (Exh. 1)

2. The indictment charges in count one possession with intent to distribute a controlled substance for violation of 21 USC 841 (a)(1). Mr. Fernandez as seen from the evidence produced by the United States should have never plead guilty to count one since he is in fact innocent of the charges as filed. The laboratory result from the beginning showed that there were no drugs in the residence of the defendant. (Exh.2) From the exam of the

       evidence seized and the result of the Lab Testing the same is negated. Even if the second test is taken as true, there is at most evidence of a simple possession but not of possession with intent to distribute.

3. The indictment in count two charges a violation of the weapons law, to wit a violation of title 18 U.S.C. 924 (c)(1)(A) that by definition is also negated by this fact alone. There can be no violation of the 924 (c)(1)(A) charge since the elements of the offense are not present in the evidence produced pursuant to the discovery received by the defendant.

4. The arrest and indictment filed on March 27 were filed with no evidence of the presence of the so-called narcotics. The same was issued without any evidence of drugs it was filed only under a suspicion. On April 17, 2014 the government received The Laboratory report that states that the exhibits submitted contained "<u>No Controlled Substances</u>" in exhibits 7.01,7.02, 7.03, 7.04 7.05, 7.06 and 7.07 had <u>residue</u> for Lidocaine a common local anesthetic. (ExH. 2). The government was under a duty to immediately notify said finding to the court and the defendant and proceed with the release from custody of Mr. Fernandez,

5. Furthermore as to the charge based on Title 18 USC 924(c)(1)(A), the government needed to prove that "any person who, in furtherance of any drug trafficking crime for which a person may be prosecuted in a court of the United States, uses or carries a firearm, or who, *in furtherance of any such crime*, posses a firearm…" the essential elements to be proven were: 1) that the defendant possessed cocaine, 2) that he did so with the specific intent to distribute the cocaine possessed and 3) that he did so intentionally and knowingly. The government lacked the intent to

      distribute when in fact there was no cocaine as determined by the Southeast Laboratory of the DEA neither in Miami nor even in the conveniently re-testing in Puerto Rico that found "residue" of cocaine in an amount that cannot be distributed. At most the substance conveniently re-tested and containing a "residue" may be used for a personal consumption (simple possession). (See ExH.2. And the Presentence report (ExH. 3).)

6.     As it appears from the Sworn Statement submitted and the exhibits mentioned, the defendant, Diego Fernandez should have never pled guilty as charged in the indictment because he is in fact innocent of the charges filed against him in the present indictment. He is innocent of charge one because he did not possess with the intent to distribute narcotics. This evidenced by the facts above stated. He is innocent of the second count because the elements needed to convict are not present in the instant case. He is also innocent of the third charge since the lawful owner of said weapon is available and has always been available to the government.

From the above evidence it is clear that Mr. Fernandez has valid defenses to all the charges filed against him that justify the filing of this motion and that his guilty plea was not entered intelligently. Mr. Fernandez at the time he pled was under pressure and followed the lawyer's advice based on incomplete and doubtful information that warrants a finding that it was entered involuntarily. (Exh. 1) The plea entered meets the legal standard of *"legally suspect."*

Any delay in filing this motion to withdraw the guilty plea is due to the immediate removal of the defendant to Atlanta Georgia and the complete breakdown of communications with his prior counsel that resulted in the appointment of the undersigned to assist the defendant as

co-counsel. As the Court is aware the defendant did not want to have any communications with prior counsel and the undersigned had to communicate said information to counsel who then filed a <u>second motion to withdraw.</u> (De: 66). After said motion was filed the undersigned had to study the merits of his claims in order to determine if such motion was justified. Additionally a meeting with the prosecutor's supervisor was requested and held in an attempt to reach an agreement on the proposed alternative of a plea to a simple possession of the detectable amount.

The motion now presented, if true, alleges facts that entitle defendant to relief and the court must hold a plenary hearing. See <u>U.S. v. Crooker</u> 729 F.2d 889, 890 (1st Cir 1984); <u>U.S. v. Fournier</u> 594 F.2d 276, 279 (1st Cir 1979); <u>U.S. v. Gonzalez</u> F.3d 20.29 (1st Cir 2000).

    The fact that the defendant pled guilty before the court does not warrant summary dismissal of the motion " because most defendants would be expected to deny impropriety" during a plea colloquy, courts have generally concluded that the Rule 11 record is evidential on the issue of voluntariness…not conclusive. See <u>U.S. v McCarthy</u> 433 F.2d 591,593 (1st Cir 1970)." <u>U.S. v. Pulido</u>, 566 F.3d 52,59 (1st Cir 2009)

    **WHEREFORE,** the defendant, Diego Fernandez, hereby requests that the Honorable Court holds a hearing concerning the present motion and allow the defendant, to withdraw his guilty plea.

**RESPECTFULLY SUBMITTED**

    **I HEREBY CERTIFY** that on this date, I electronically filed the foregoing motion with the Clerk of Court using the CM/ECF system which will send notification of this filing to the United States Attorney's Office in Puerto Rico.

**In San Juan, Puerto Rico this 11ʰ day of January, 2015**

                                                                S/ José R. Gaztambide
                                                                José R. Gaztambide (129011)
                                                                PO Box 270343
                                                                San Juan, PR 00927-0343
                                                                Tel (787) 793-1795
                                                                Fax (787) 764-0461
                                                                gaztambidelaw@yahoo.com