IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff,<br><br>v.<br><br>**DIEGO FERNANDEZ-SANTOS**, Defendant. | CRIMINAL NO.  14-225 (FAB) |

**RESPONSE TO MOTION TO WITHDRAW GUILTY PLEA (DOCUMENT NO. 72)**

TO THE HONORABLE COURT:

COMES NOW, the United States of America, by and through the undersigned attorneys, and very respectfully states and prays that Defendant's request to withdraw his guilty plea be **DENIED**.

### FACTUAL AND PROCEDURAL BACKGROUND

1. On February 10, 2014, federal agents executed in the residence where Defendant was located an arrest warrant issued by this Court against Defendant after the United States Probation Office notified that he was violating his supervised release. At the time, Defendant was on supervised release after being convicted of a felony offense in Criminal Case No. 11-240 (FAB). During the execution of the arrest warrant, agents seized a firearm, plastic bags that contained cocaine residue, drug paraphernalia, which included baggies, two (2) scales, and $387.16 among other things. After his arrest, Defendant made several written statements where he admitted that the firearm found at the residence was his property and that he

1

flushed three (3) bags of cocaine when agents arrived to his residence. (See Document No. 60 and Document No. 131 in Criminal Case No. 11-240[1]).

2. On March 27, 2014, the grand jury issued an indictment charging Defendant with possessing with intent to distribute a mixture or substance containing a detectable amount of cocaine, possessing a firearm in furtherance of drug trafficking, and being a felon in possession of a firearm. (Document No. 1).

3. Defendant exercised his right to go to trial. On the second day of trial, on June 10, 2014, Defendant entered a straight plea as to all counts in the indictment. (Docket No. 54). Seven (7) months after the change of plea hearing and on the eve of his sentencing hearing, Defendant now seeks to withdraw his guilty plea. (Document No. 72). A perusal of Defendant's motion reveals that his request to withdraw his guilty plea is meritless and, as such, must be denied.

## DISCUSSION

4. It is well established that a defendant does not have an absolute right to withdraw a guilty plea. United States v. Negron-Narvaez, 403 F.3d 33, 36 (1st Cir. 2005). Under Federal Rule of Criminal Procedure 11, "[a] defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). A number of factors bear on whether such a reason exists. United States v. Miranda, 654 F.3d 130, 136 (1st Cir. 2011) (internal citations omitted). Such factors include: (1) whether the plea was voluntary, intelligent, knowing and complied with Rule 11; (2) the force of the reasons offered by the defendant; (3) whether there is a serious claim of actual innocence; (4) the timing of the

---

[1] Appendix 1.

motion; and (5) any countervailing prejudice to the government if the defendant is allowed to withdraw his plea. Id. (internal citations omitted).

5. In considering a motion to withdraw a guilty plea, the Court must hold an evidentiary hearing if the defendant alleges facts which, if taken as true, would entitle him to relief. Id. at 136-37 (internal citation and quotation marks omitted). "[A] defendant is entitled to an evidentiary hearing unless the facts alleged are 'contradicted by the record or are inherently incredible and to the extent that they are merely conclusions rather than statements of fact.'" Id. at 137 (internal citation omitted).

6. First, during the change of plea hearing, the Court ensured that Defendant understood what he was being charged with, the consequences of a guilty plea, and that he had discussed his options with his attorney. Defendant admitted to committing the charged crimes, and stated that he understood the penalties he might receive. Hence, his plea was voluntary, intelligent, knowing, and complied with Rule 11.

7. Second, the reasons offered by Defendant are inadequate. Basically, Defendant argues that his first lawyer did not pursue certain evidentiary strategies. The proffered reasons certainly do not demonstrate both that Defendant's first lawyer's representation "'fell below an objective level of reasonableness,' and that cognizable prejudice flowed therefrom, i.e., that he 'would not have pleaded guilty and would have insisted on going to trial' if not for counsel's shortcomings." United States v. Pellerito, 878 F.2d 1535, 1538 (1st Cir. 1989) (internal citations omitted). For purposes of his present request, the arguments submitted by Defendant are insufficient. Criticizing the trial strategy used by his first lawyer by itself without **showing** reasonable probability that the evidence would have significantly affected his decision to plead guilty or even that the evidence was relevant or favorable to him is not

sufficient. See United States v. Wynn, 663 F.3d 847, 851 (6th Cir. 2011) (holding that defendant's ineffective assistance claim was inadequate because he did not show a reasonable probability that the purported exculpatory evidence that his counsel allegedly failed to obtain would have significantly affected his decision to plead guilty, or even that the evidence was relevant or favorable to him).

8. Likewise, Defendant's meager claim of actual innocence is contradicted by the record. The bags seized from Defendant's residence contained cocaine residue and defendant admitted to flushing the same when agents arrived to the residence. A firearm was seized near the bags of cocaine. Defendant also made a written statement admitting he was the owner of the firearm. Moreover, that day, agents seized baggies, cutting agent, money, and scales. The evidence seized, its location, and Defendant's written statements belie any legitimate claim of innocence. The evidence adequately supports the fact that Defendant possessed with intent to distribute cocaine, possessed a firearm in furtherance of that crime, and was a felon when he possessed the firearm.

9. The timing of the motion factor certainly weighs against Defendant. The present motion is being filed seven (7) months after his change of plea hearing and on the eve of his sentencing hearing. This substantial delay is too much and demonstrates that Defendant's basis for reversal, that he is just having second thoughts, is inadequate. See, e.g., United States v. Small, 640 F.3d 425, 427 (1st Cir. 2011) (noting that defendant's three (3) month delay supported denial of motion to withdraw guilty plea); United States v. Pagan-Ortega, 372 F.3d 22, 31 (1st Cir. 2004) (stating that a two (2) month lag between plea and motion to withdraw places "it well within the area of vulnerability because of untimeliness"); United States v.

Pellerito, 878 F.2d 1535, 1541 (1st Cir. 1989) (ruling that eight (8) week delay between plea and motion to withdraw weighed against defendant).

10. Finally, the United States would suffer prejudice if Defendant is allowed to withdraw his guilty plea. The United States had to prepare and went to trial in this case. This represented a noteworthy drain on resources of the Court and the United States. Allowing Defendant to withdraw his guilty plea will result in a second trial creating a further drain. Accordingly, there will be considerable prejudice to the United States if Defendant is allowed to withdraw his plea.

WHEREFORE, the United States respectfully requests from the Honorable Court to **DENY** Defendant's request to withdraw his guilty plea.

RESPECTFULLY SUBMITTED.

In San Juan, Puerto Rico, this 12th day of January, 2015.

**ROSA EMILIA RODRIGUEZ VELEZ**
United States Attorney

S/Victor O. Acevedo-Hernandez
Victor O. Acevedo-Hernandez-227813
Special Assistant U.S. Attorney
Torre Chardon, Suite 1201
350 Carlos Chardon St.
San Juan, P.R. 00918
Tel. (787) 766-5656
e-mail: Victor.O.Acevedo@usdoj.gov

### CERTIFICATE OF SERVICE

I hereby certify that on this date, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all CM/ECF participants.

S/Victor O. Acevedo-Hernandez
U.S.D.C. No. 227813