IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    **Plaintiff**,<br><br>                **v.**<br><br>DIEGO FERNANDEZ-SANTOS,<br><br>    **Defendant.** | **Criminal No**. 14-225 (FAB) |

OPINION AND ORDER

BESOSA, District Judge.

Before the Court is defendant Diego Fernandez-Santos ("Fernandez")'s motion to withdraw his guilty plea, (Docket No. 72). For the reasons set forth below, the Court **DENIES** defendant Fernandez's motion.

**Background**

On February 13, 2014, defendant Fernandez was arrested at his residence pursuant to a warrant based on violation of his supervised release conditions. (Docket No. 84 at pp. 65-67.) The government seized a weapon, cocaine, and drug paraphernalia during a search incident to this arrest. Id. at pp. 81, 84.

On March 27, 2014, a federal grand jury returned a three-count indictment charging Fernandez with (1) possession of narcotics with intent to distribute, 21 U.S.C. § 841(a)(1); (2) possession of firearms in furtherance of a drug trafficking crime, 18 U.S.C. § 924(c); and (3) possession of a firearm by a convicted felon, id. § 992(g)(1). (Docket No. 1.) On June 9, 2014, the United States

Criminal No. 14-225 (FAB)                                                         2

presented a full day of trial, in which it examined two witnesses and introduced sixteen pieces of evidence against defendant Fernandez.  (Docket No. 84.)  On June 10, the second day of trial, defendant Fernandez entered a straight plea of guilty on all three courts.  (Docket Nos. 54, 86.)

Soon thereafter, defendant was transferred to a detention facility in Georgia.  (Docket No. 72 at p. 5.)  A presentence investigation report ("PSR") was issued on September 11, 2014, (Docket No. 59), and a sentencing hearing was scheduled for January 16, 2015, (Docket No. 71).

On January 11, 2015, three days before the scheduled sentencing hearing, defendant Fernandez filed a motion to withdraw his guilty plea.[1]  (Docket No. 72.)  The United States opposed the motion, (Docket No. 73), and defendant Fernandez replied, (Docket No. 74).  On January 22, 2015, the Court held a hearing on the issue of withdrawing defendant's guilty plea.  (Docket No. 78.)  In compliance with the Court's order at that hearing, the United

---

[1] In this motion, defendant Fernandez makes claims regarding his representation by attorney Humberto Guzman.  (Docket No. 72 at p. 3; Docket No. 90 at pp. 3, 11.)  While some circuits include assistance of competent counsel among the factors they consider in granting withdrawal of a guilty plea, the First Circuit Court of Appeals has not done so.  See United States v. Hughes, 726 F.3d 656, 662 (5th Cir. 2013); United States v. Byrum, 567 F.3d 1255, 1264 (10th Cir. 2009); United States v. Thompson-Riviere, 561 F.3d 345, 348 (4th Cir. 2009).  Thus, these claims would be more appropriately addressed pursuant to 28 U.S.C. § 2255.  See Moreno-Espada v. United States, 666 F.3d 60, 64-67 (1st Cir. 2012).

Criminal No. 14-225 (FAB)                                                              3

States and defendant Fernandez submitted memoranda on the plea withdrawal issue.  (Docket Nos. 89, 90.)

**Discussion**

"[A] defendant does not have an automatic right to withdraw a plea [prior to sentencing]."  United States v. Pagan-Ortega, 372 F.3d 22, 28 (1st Cir. 2004); see United States v. Davila-Ruiz, 790 F.3d 249, 251 (1st Cir. 2015) (noting that granting a motion to withdraw a guilty plea is within the discretion of the district court).  Pursuant to Federal Rule of Criminal Procedure 11 ("Rule 11"), a presentence motion to withdraw a guilty plea should be granted "if the defendant can show a fair and just reason for requesting the withdrawal."  Fed. R. Crim. P. 11(d)(2)(B).

Courts consider the following five factors in determining whether a reason for withdrawal is fair and just:  "whether the plea was voluntary, intelligent, knowing and in compliance with Rule 11 [plea entry requirements]; the strength of the reasons offered in support of the motion; whether there is a serious claim of actual innocence; the timing of the motion; and any prejudice to the government if the withdrawal is allowed," with no one factor controlling.  United States v. Isom, 580 F.3d 43, 52 (1st Cir. 2009) (citing United States v. Padilla-Galarza, 351 F.3d 594, 597 (1st Cir. 2003); see 1A Charles Alan Wright et al., Federal Practice and Procedure § 181 (4th ed. 2008).

Criminal No. 14-225 (FAB)                                                    4

## A.   Voluntary, Knowing, and Intelligent Plea

The most important factor in determining if a plea is "fair and just" is whether the plea was voluntarily, intelligently, and knowingly entered.  Isom, 580 F.3d at 52.  For a plea to be voluntary, knowing, and intelligent, the plea colloquy must comply with Rule 11(b)(1) and the defendant must be competent to enter the plea.  United States v. Santiago Miranda, 654 F.3d 130, 132-34 (1st Cir. 2011); United States v. Ramos, 810 F.2d 308, 312 (1st Cir. 1987).

At his change of plea hearing, defendant Fernandez affirmed his understanding of his right to plead not guilty, (Docket No. 86 at  p. 6); right to a jury trial, id.; right to counsel, id. at p. 7; right to cross-examine, confront, and present witnesses, id. at pp. 7-8; and that pleading guilty waives these trial rights, id. at p. 7.  See Fed. R. Crim. P. 11(b)(1)(B)-(F).  Defendant also confirmed his understanding of the charges against him, (Docket No. 86 at  pp. 9-12); the maximum and mandatory minimum penalties, id.; applicable forfeitures, id. at p. 9; and the government's right to use his statements under oath in a perjury trial, id. at p. 3.  See Fed. R. Crim. P. 11(b)(1)(A), (G)-(J).  Finally, defendant affirmed his understanding of the Court's special assessment duties, (Docket No. 86 at pp. 18-19); required consideration of the Sentencing Guidelines, id. at p. 15; and ability to depart from the Sentencing Guidelines, id.  See Fed. R.

Criminal No. 14-225 (FAB)                                                5

Crim. P. 11(b)(1)(L)-(M).  Defendant Fernandez's plea colloquy met all applicable requirements of Rule 11(b)(1).

A defendant must also be competent to enter a guilty plea at the time the plea is entered.  Santiago Miranda, 654 F.3d at 132-34.  Courts review the defendant's age, education, drug or medicine use, substance dependency, and psychological and psychiatric condition to assess his competence.  Id.

Here, the Court established that defendant Fernandez was of adequate age (34) and education (high school graduate) to understand the proceedings, (Docket No. 86 at p. 4); that he was not under the influence of medication or narcotic drugs, id. at pp. 4-5; and that he was not suffering from substance dependency or mental illness, id. at p. 4.  Defendant was competent to enter a plea of guilty.

**B.   Actual Innocence Claim**

A defendant asserts a serious claim of actual innocence to establish a "fair and just reason" to withdraw a guilty plea when he establishes legal or factual innocence.  United States v. Negron-Narvaez, 403 F.3d 33, 36 (1st Cir. 2005).  To establish a legal innocence claim, a defendant must "make a factual argument that supports a legally cognizable defense."  United States v. Hamilton, 510 F.3d 1209, 1214 (10th Cir. 2007).  Even if a defendant makes a legally cognizable defense, pleas entered in accordance with Rule 11 create "an extremely heavy burden" for a

Criminal No. 14-225 (FAB)                                                    6
_____

defendant to overcome.  United States v. Cray, 47 F.3d 1203, 1208 (D.C. Cir. 1995).

    Here, defendant Fernandez argues legal innocence by claiming that the small amount of drugs he possessed did not reach the level of "intent to distribute" required for conviction under Count 1, and that consequently, the element of distribution is absent from Count 2's "in furtherance of drug trafficking" requirement. (Docket No. 90 at pp. 3-11.)  Defendant Fernandez's first argument fails because he disregards the multitude of evidence that courts consider in finding "intent to distribute."  The Court need not reach defendant's second argument, because it relies on the first.

     Quantity of drugs is one of several factors that can be used to infer intent to distribute controlled substances.  United States v. Cortes-Caban, 691 F.3d 1, 35-36 (1st Cir. 2012).  Other factors include:  the substance's purity, the amount of cash present, how the drugs were packaged, drug paraphernalia present, the lack of evidence showing that the defendant used the type of drug seized, weapons present, and the defendant's history of participation in drug distribution.  Id. at 36.

    Here, at trial, the United States presented evidence that defendant Fernandez possessed two "eight-ball" wrappings containing cocaine residue which were torn open, small Ziploc baggies with an apple branding emblem, drug paraphernalia (including two digital scales, syringes, and cutting agents), two cell phones, prepaid

Criminal No. 14-225 (FAB)                                                    7

calling cards, a pistol, three pistol magazines, and fifteen rounds of ammunition.  (Docket No. 84 at pp. 101-14.)  Probation Officer Martin de Santiago testified that "eight-ball" wrappings typically contain 125 grams of high-purity cocaine that is later mixed with cutting agents to make larger quantities.  Id. at pp. 82-84. Wrappings were found, with other drug paraphernalia on the defendant's washing machine, which is adjacent to the second-floor bathroom.  Id. at pp. 75-77.  Behind the washing machine was a loaded Smith and Wesson pistol.  Id. at pp. 76-77, 81.

At the time of his arrest, defendant Fernandez was running out of the bathroom, with wet hands, heading towards the rear entrance of the building.  (Docket No. 84 at p. 131.)  Police delay in breaching the door of the residence afforded defendant Fernandez five to seven minutes after police announced their presence.  Id. at pp. 69, 134.  Additionally, defendant Fernandez has a prior conviction for conspiracy to distribute 160 grams of cocaine. (Docket No. 85 at p. 7.)

Defendant Fernandez's argument that the small amount of drugs seized does not amount to a legally cognizable defense.  Defendant was caught wet-handed right next to the torn "eight-ball" wrappings and paraphernalia as he made his way from the bathroom to the back door.  (Docket No. 84 at pp. 75-77, 131-132.)  These facts could lead a reasonable jury to infer that he had flushed the cocaine that was inside the "eight-balls" while the police delayed in

Criminal No. 14-225 (FAB)                                                    8

opening the door, and that he was headed for the back door to make a run for it.  Even without this inference, a reasonable jury could infer "intent to distribute" from the remaining factors in Cortes-Caban.  691 F.3d at 35-36.  Defendant Fernandez's possession of the torn "eight-balls" wrappings, small baggies with branding emblem, syringes, digital scales, cutting agents, calling cards, and cell phones, along with defendant Fernandez's prior conviction for conspiracy to distribute 160 grams of cocaine, (Docket No. 84 at pp. 101-114; Docket No. 85 at p.7), could lead a reasonable jury to infer that he had the requisite intent to distribute.  See Cortes-Caban, 691 F.3d 35-36.  Thus, defendant's argument fails to establish a legally cognizable defense required to show a "fair and just reason" under the actual innocence factor.

**C.   Timeliness**

"While an immediate change of heart may well lend considerable force to a plea withdrawal request, a long interval between the plea and the request often weakens any claim that the plea was entered in confusion or under false pretenses."  United States v. Doyle, 981 F.2d 591, 595 (1st Cir. 1992).  A motion to withdraw a plea that is filed within "a day or so" of entering the plea indicates a "swift change of heart" due to haste or confusion in entering the plea, while a longer delay requires stronger reasons to support withdrawing the plea.  United States v. Ramos, 810 F.2d

Criminal No. 14-225 (FAB)                                                9

308, 312 (1st Cir. 1987); see United States v. Browne, 142 F. Supp. 185, 189 (D.P.R. 2001).

In determining the timeliness of a defendant's motion to withdraw a plea, courts consider:  (1) the amount of time since the plea was entered, (2) the amount of time until the scheduled sentencing hearing, (3) whether a PSR was filed, and (4) defendant's explanations for the delay in filing.  See, e.g., United States v. Parrilla-Tirado, 22 F.3d 368, 373 (1st Cir. 1994) (viewing disfavorably that defendant filed his motion to withdraw six months after entering his plea and after the PSR was issued); United States v. Carr, 740 F.2d 339, 345 (5th Cir. 1984) (finding filing motion three days before sentencing hearing weighs against defendant); United States v. Flores-Rivera, No. 07-Cr-318(PG), 2010 WL 4175053, at *1, *4 (D.P.R. 2010) (excusing defendant's delay due to medical and psychiatric care).

Here, defendant's motion to withdraw his guilty plea was filed seven months after he entered the plea, four months after disclosure of the PSR, and five days before the scheduled sentencing hearing.  See Docket Nos. 54, 59, 71, 72.  Defendant must assert strong explanations for these delays to convince the Court that his change of heart was due to more than a desire to game the judicial system.  Defendant asserts that this delay was largely due to his transfer to a prison in Georgia, the resulting loss of communication with his former counsel, change of counsel,

Criminal No. 14-225 (FAB)                                          10

and failed bargaining attempts with the prosecution. (Docket No. 74 at pp. 1-2.) First, even if the Court subtracted the delay due to transfer to Georgia and change of counsel, the remaining sixty-eight day delay would still exceed the "swift change of heart" required for withdrawal. See United States v. Baez, 87 F.3d 805, 808 (6th Cir. 1996) (finding sixty-seven-day delay untimely). Additionally, the First Circuit Court of Appeals found delays as small as thirteen days to be untimely, even when accounting for time for renegotiations with the prosecution. Ramos, 810 F.2d at 313. Thus, defendant's reasons fail to persuade the Court that his motion was timely filed.

**D.  Prejudice to the Government**

The government need only establish prejudice if the defendant has established a "fair and just" reason for withdrawal of his plea through the first four factors. United States v. Merritt, 755 F.3d 6, 9 (1st Cir. 2014). If the defendant does so, courts consider prejudice to the government from expending resources in plea negotiations, trial preparation, and plea colloquies, as well as unavailability of evidence and witnesses due to delay. See, e.g., United States v. Newbert, 504 F.3d 180, 184 (1st Cir. 2007) (finding government prejudiced when principal witness no longer available or evidence lost); Nuñez Cordero v. United States, 533 F.2d 723, 726 (1st Cir. 1976) (noting the "time-consuming" nature of Rule 11 proceedings); United States v. Collado-Gomez, 674 F.

Supp. 426, 429 (E.D.N.Y. 1987), aff'd, 854 F.2d 1315 (2nd Cir. 1988) (finding that the government would be prejudiced by preparing and presenting its case for a second trial).

Here, the United States did expend substantial resources in preparing and going to trial and would expend more resources preparing for a second trial, although it does not argue that any witness or evidence has become unavailable.  (Docket No. 73 at p. 5; Docket No. 89 at p. 81.)  The Court need not balance these factors, however, because defendant has not established a "fair and just" reason for withdrawing his guilty plea under the first four factors.

## Conclusion

For the foregoing reasons, defendant Fernandez's motion to withdraw his guilty plea, (Docket No. 72), is **DENIED.**

**IT IS SO ORDERED.**

San Juan, Puerto Rico, October 8, 2015.

s/ Francisco A. Besosa
FRANCISCO A. BESOSA
United States District Judge